Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1007 | **DATE** | 9/9/2003 |
| **CASE TITLE** | United States of America vs. Bilal Shurti (01 CR 402-1) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny defendant's habeas petition.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 1 0 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -9 PM 1:55 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 1007 |
| | ) | |
| BILAL SHURTI, | ) | DOCKETED |
| | ) | |
| Defendant. | ) | SEP 1 0 2003 |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Bilal Shurti's pro se petition to reduce or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we deny the petition.

## BACKGROUND

On February 12, 2002, Defendant Bilal Shurti ("Shurti") was found guilty by a jury on four counts of bank fraud. He was sentenced by this court to fifteen months imprisonment and three years of supervised release. On February 11, 2003, Shurti filed this Section 2255 petition alleging that his trial counsel, Steven M. Mondry ("Mondry"), provided ineffective assistance of counsel. Shurti claims that Mondry

refused to allow him to testify on his own behalf at trial and that Mondry failed to file a notice of appeal.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to situations where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). If the Court finds that any of the above errors occurred, then the prisoner's conviction will be "vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial." Dikeocha v. United States, 2002 WL 31006136, *1 (N.D. Ill. 2002). When reviewing a section 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992); United States v. Boyd, 2002 WL 1949724, *1 (N.D. Ill. 2002). We note that Shurti has filed his petition pro se and thus his petition is entitled to a liberal reading. Blake v. United States, 841 F.2d 203, 205-06 (7th Cir. 1988).

## DISCUSSION

Assistance of counsel is presumably effective and thus a party bears a "heavy burden" in establishing ineffective assistance of counsel. United States v. Trevino, 60

F.3d 333, 338 (7th Cir. 1995). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688-90 (1984), and that the deficient performance so prejudiced the defendant's defense that the trial was unfair and the result was thus unreasonable. Id. at 691-94.

**I. Right to Testify**

A criminal defendant has a constitutional right to testify in his own behalf. Rock v. Arkansas, 483 U.S. 44, 50-51 (1987). However, a "barebones assertion" made by a defendant that his lawyer forbade him to testify on his own behalf is insufficient to require an evidentiary hearing or other action on the defendant's claim. Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991). Some greater particularity and substantiation is necessary to warrant "further investment of judicial resources." Id. at 475-76. Shurti has provided no evidence other than the statement in his petition to this court that he requested to be allowed to testify. Shurti claims that when he asked to testify on his own behalf, Mondry told him that "it was not such a good idea because of his untrustworthy appearance." (Pet. at 4). Thus, the allegation itself does not indicate that Mondry forbade Shurti from testifying. It only shows that Mondry, according to Shurti, strongly advised against it. In addition, both allegations are directly contradicted by Mondry's affidavit which states that he had discussions with

Shurti "both before and during the trial" about whether Shurti would testify and that Mondry advised him that "it would be in his best interest to testify at trial." (Mondry. Aff. ¶ 2). Mondry claims that Shurti decided not to testify. Shurti's directly contradicted claim does not assert sufficient grounds under Underwood to warrant further investigation into the allegation that Mondry prevented him from testifying on his own behalf.

## II. Failure to File a Notice of Appeal

To determine whether counsel was constitutionally ineffective for failing to file a notice of appeal, the court must first determine whether Mondry did in fact consult with the defendant about an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). If no consultation occurred, then the court must determine whether Mondry's failure to consult with Shurti itself constituted deficient performance. Id. The term "consult" has a specific meaning in this context. Id. In order for Mondry to have consulted with Shurti, he must have advised Shurti about the "advantages and disadvantages of taking an appeal" and he must have made "a reasonable effort to discover the defendant's wishes." Id. Mondry stated in his affidavit that he believed that he met with Shurti "within 10 days after May 16, 2002." (Mondry Aff. ¶ 3). He stated that "it is [his] usual practice to discuss the appellate process, including the advantages and disadvantages of filing an appeal and whether the defendant wants to file an appeal,

with defendants that [he] represent[ed] after they have been sentenced." Id. Shurti wrote in his petition that he had never discussed the appellate process with Mondry, but in the same paragraph stated that Mondry told him that there were no grounds for an appeal. (Pet. at 6). This statement corroborates Mondry's belief that he consulted with Shurti.

Because both parties have established that a consultation occurred, the question of deficient performance boils down to a factual determination of whether Shurti gave express instructions to Mondry requesting him to file a notice of appeal. If a consultation occurs, counsel's representation is only ineffective if counsel fails "to follow the defendant's express instructions with respect to an appeal." Id.

Shurti admits that he never expressly told Mondry that he wanted an appeal. Shurti asserts that, despite his silence, Mondry "was aware of the fact that [Shurti] was interested in an appeal." (Pet. at 7). Absent further supporting evidence, such a presumption made on Shurti's part is an insufficient basis to conclude that Mondry knew that Shurti desired him to file an appeal. It would not be logical for Mondry to conclude that Shurti's silence represented a desire that Mondry file an appeal, particularly after Mondry told Shurti that there were no grounds for an appeal. We note also that although Mondry indicates in his affidavit that Shurti told him at some point that he wanted to obtain new counsel to handle an appeal, Mondry states that it is his

usual practice to prepare and file a notice of appeal only when asked by his client or ordered by the court. There is no evidence of such a filing. Therefore, Shurti has not met his burden for establishing ineffective assistance of counsel and we deny the petition.

## CONCLUSION

Based on the foregoing analysis, we deny the habeas petition.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP - 9 2003